1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| JOHN CECIL CABE, | No. 2:23-cv-10422-FWS-BFM |
|---|---|
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |
| MICHAEL D. ANTONOVICH COURTHOUSE, | |
| Respondent. | |

This Order concerns a federal habeas petition. Petitioner John Cecil Cabe filed a habeas petition in the Ninth Circuit, which transferred the Petition to the United States District Court. (ECF 1 ("Petition"), 4.) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court—rules that apply to the Petition in this Court—the Court must review the Petition before ordering a response. If it "plainly appears" from that initial review that Petitioner is not entitled to relief, the Court must dismiss the Petition.

Here, the Petitioner claims that he is "falsely imprisoned in [the] Metropolitan State Hospital." (Petition at 2.) It is unclear, however, why he believes he is falsely imprisoned—what facts he believes give him a right to

relief and what federal constitutional law or statute he believes was violated in his case. Because the Court cannot tell what the basis of Mr. Cabe's claim *is*, it cannot tell whether the Petition meets the low bar for ordering the Warden to respond to his claims. For that reason alone, his case may be subject to dismissal. *See Clarke v. Shasta Cnty. Jail*, No. 2:12-cv-1565-DAD-P, at *1 (E.D. Cal. Oct. 25, 2012) (habeas petition subject to dismissal where the allegations are "unintelligible and incomprehensible").

There is a second problem in Mr. Cabe's case: whether the Petition should be dismissed because it asks this Court to interfere in ongoing state criminal proceedings. The docket in Case MA 084426, which is attached an Appendix to this Order,[1] reflects that Mr. Cabe was charged with four counts of robbery in December 2022. (App. 1.) He waived his right to counsel and decided to represent himself. (App. 2). After a preliminary hearing, Mr. Cabe was held to answer on all four charges. (App. 7-8.) Shortly thereafter, in April 2023, the trial judge declared a doubt as to Mr. Cabe's competency, over the defense's objection. (App. 9.) In June 2023, Mr. Cabe was found not competent to stand trial, and the following month, he was sent to the State Hospital for restoration of competency. (App. 12.) A minute order from January 2024 reflects that, at some point between June and January, Mr. Cabe was found competent to stand trial, and trial proceedings resumed. (App. 15.) According to the docket, Mr. Cabe has a pretrial hearing set for March 20, 2024. (App. 17.)

Based on those facts, it appears there is no final judgment in Mr. Cabe's case—that is, his state court case is still ongoing. In all but the most unusual case, federal courts will not interfere with an ongoing state criminal proceeding.

---

[1] The Court may, and in this case does, take judicial notice of the dockets of other courts. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). For clarity of the record, the Court appends the Docket in this case to this Order.

1  This doctrine, called *Younger* abstention, applies where four criteria are met,
2  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)—and all four appear to
3  be met here.

4  First, there must be an ongoing state judicial proceeding. Here, Mr. Cabe
5  has criminal charges pending that have not yet been resolved, and has a pretrial
6  hearing is scheduled for March 20, 2024. Based on the docket and the fact that
7  Mr. Cabe has a pretrial hearing set next week, the first requirement appears to
8  be met.

9  Second, the proceedings must implicate important state interests. All
10 States have an "interest in administering their criminal justice systems free
11 from federal interference"—indeed, it "is one of the most powerful of the
12 considerations that should influence a court considering equitable types of
13 relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Given the seriousness of the
14 pending charges, California no doubt has an important interest in prosecuting
15 this case. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).

16 Third, there must be an adequate opportunity in the state proceeding to
17 raise constitutional challenges. Without knowing exactly what Mr. Cabe's claim
18 is, it is difficult to point to a particular provision that permits review of the state
19 court action that Mr. Cabe claims is unconstitutional. As a general matter,
20 however, federal courts assume that state procedures afford an adequate
21 opportunity for consideration of constitutional claims "in the absence of
22 unambiguous authority to the contrary." *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1,
23 15 (1987). And to the extent that Mr. Cabe's challenge is to the finding of
24 incompetency or some aspect of the process for restoration of competency, state
25 law allows criminal defendants to raise constitutional challenges in those
26 proceedings. *See People v. Ary*, 246 P.3d 322, 324 (Cal. 2011) (considering due
27 process challenge to order regarding competency); *Hale v. Super. Ct.*, 539 P. 2d
28

1   817, 821-22 (Cal. 1975) (in bank) (reviewing constitutional challenge to the
2   conservatorship process used in competency proceedings)

3   Fourth, the relief requested in federal court would either enjoin or have
4   the practical effect of enjoining—that is, would put on hold—the ongoing state
5   proceedings. Here, it is unclear to the Court exactly what relief Mr. Cabe seeks.
6   To the extent that Mr. Cabe wants this Court to either stop the trial proceedings
7   or block any state court order that authorizes placement in a state hospital for
8   restoration of competency, either one would interfere with the state court's
9   ability to move forward with its proceedings.

10   Without knowing exactly what Mr. Cabe's claim is, the Court cannot
11   decide with certainty that *Younger* abstention is appropriate in this case, but it
12   appears likely that it is. Indeed, courts in this Circuit have routinely found that
13   *Younger* abstention applies when a petitioner has been found mentally
14   incompetent to stand trial and committed to a state hospital. *See Martin v.*
15   *Rains*, No. 5:20-CV-0883, 2020 WL 2395212, at *2 (C.D. Cal. May 11, 2020)
16   (collecting cases). And if *Younger* abstention applies, the Court must dismiss his
17   claim without prejudice.

18   There is a third potential problem with Mr. Cabe's Petition: mootness. A
19   case is moot when the moving party "has received all the relief he requested in
20   his complaint." *Von Staich v. Hamlet*, No. 04-16011, 2007 WL 3001726, at *2
21   (9th Cir. Oct. 16, 2007). Here, the Petition claims that Mr. Cabe was being
22   wrongly held in the Metropolitan State Hospital. But after Mr. Cabe filed his
23   Petition, he was released from that facility and was returned to a local jail
24   facility. To the extent that the relief sought in the Petition was release from the
25   Metropolitan State Hospital, Mr. Cabe's claim is now moot—the Court cannot
26   *order* him released from Metropolitan State Hospital because he has already

27
28

been released from that facility. And if his case is moot, that too would be a reason to dismiss his Petition.

In light of these facts, the Court orders Mr. Cabe to show cause—to explain—why his case should not be dismissed. He must explain the basis for his Petition: the facts that he believes give him a right to relief, the federal constitutional or statutory right that he claims was violated, and what relief he seeks. He must also explain why his case should not be dismissed, given that there is no final judgment in the state court. In the alternative, Mr. Cabe can file an amended habeas petition that attempts to address the Court's concerns. Or, if he no longer wishes to pursue his claims, he may file a notice of voluntary dismissal without prejudice.

If Mr. Cabe amends his Petition, he should be aware that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). This person is typically the warden of the institution where the petitioner is incarcerated. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can produce "the body" of the petitioner). Here, Mr. Cabe named the courthouse where his case was proceeding as the respondent in this case. The failure to name a proper respondent requires dismissal for lack of jurisdiction, *Stanley*, 21 F.3d at 360, and should be fixed in any amended petition.

Mr. Cabe is therefore **ORDERED** to show cause why the Court should not recommend dismissal of the Petition. **No later than April 15, 2024,** Mr. Cabe shall respond, in writing, to this Order. In his response, Mr. Cabe must set forth his arguments, if any, as to why his Petition should not be dismissed

for the reasons stated in this Order. Submission of an Amended Petition will be deemed compliance with this Order.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending to the District Judge that this case be dismissed for failure to prosecute and to follow court orders.**

DATED: March 13, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE