**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHN CECIL CABE,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL D. ANTONOVICH,<br><br>    Respondent. | Case No. 2:23-cv-10422-FWS-BFM<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Petitioner filed a habeas Petition on October 31, 2023, claiming that he was falsely imprisoned in the Metropolitan State Hospital. (ECF 1.) He later filed an Amended Petition, alleging that additional violations of his constitutional rights were occurring in his ongoing criminal proceedings. (ECF 9.)

On May 14, 2024, more than eight months ago, the Magistrate Judge issued a Report and Recommendation. (ECF 10.) The Magistrate Judge found that Petitioner's claim that he had been falsely imprisoned in the Metropolitan State Hospital might be moot because, at the time the Report and Recommendation was issued, he was no longer housed in the State Hospital. She also found that Petitioner failed to state the facts that gave him a right to

relief, or to identify what federal constitutional law or statute he believed was violated by his stay in the State Hospital. (ECF 10.) The Magistrate Judge concluded that the claims in the Amended Petition were subject to dismissal because they were vague and conclusory, and because they asked this Court to interfere in ongoing state criminal proceedings, in violation of *Younger v. Harris*, 401 U.S. 37 (1971). The Magistrate Judge recommended that the Petition and Amended Petition be dismissed without prejudice.

Between May 14, 2024 (when the Report and Recommendation issued), and October 10, 2024 (when Petitioner notified the Court that he had been released from custody on September 20, 2024), Petitioner requested five extensions of time to file his objections to the Report and Recommendation. (ECF 14, 16, 18, 20, 23.) Each request was granted. (ECF 15, 17, 19, 21, 24.) The Court notes that if Petitioner has been released from custody, that could signal that he no longer has ongoing criminal proceedings, which would mean that Petitioner's claims are no longer barred by *Younger*. The Court need not determine the status of Petitioner's underlying criminal case; his claims—to the extent they are not moot and not barred by *Younger*—would still fail for the additional reasons noted by the Magistrate Judge.

On November 4, 2024, Petitioner filed his last request for an extension of time to object to the Report and Recommendation, which was also granted. (ECF 25, 26.) Since that date, though, Petitioner has not filed his objections; neither has he been in touch with the Court. It is not entirely clear, then, whether, in light of his release from custody, Petitioner intends to prosecute this action. In any event, the time for filing objections has passed.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and Amended Petition, the records and files herein, and the Magistrate Judge's Report and Recommendation. As noted, no objections to the Report and Recommendation were filed.

The Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. The Petition and Amended Petition are denied.
3. Judgment shall be entered dismissing this action without prejudice.
4. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: January 28, 2025       _____
                                        Hon. Fred W. Slaughter
                                        UNITED STATES DISTRICT JUDGE